# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

IVORY YOUNG III,

        Plaintiff,

v.                                           Case No. 11-CV-411

CITY OF MILWAUKEE DEPARTMENT OF
CITY DEVELOPMENT, MARTHA L. BROWN,
and JUDITH ALLEN,

        Defendants.

_____

## ORDER

On April 28, 2011, the plaintiff, Ivory Young III ("Young"), filed a complaint against defendants City of Milwaukee Department of City Development ("DCD"), Martha L. Brown ("Brown"), and Judith Allen ("Allen").[1] (Docket #1). In conjunction with his complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis.* (Docket #2). Normally, a plaintiff must pay a statutory filing fee to bring suit in federal court, but the federal *in forma pauperis* statute allows indigent litigants a means by which they can access the federal courts without the burden of the initial filing fee. 28 U.S.C. § 1915. In order for a court to authorize a litigant to proceed *in forma pauperis*, the court must first find that the litigant is truly indigent and unable to pay for the costs of commencing the action. 28 U.S.C. § 1915(a). Moreover, the court must also determine that the action is neither frivolous nor malicious, does not

---

[1] In an amendment to his complaint, Mr. Young notes that Ms. Brown is a "Deputy Commissioner" with DCD, while Ms. Allen is the "Personnel Director" with DCD. (Docket #3).

fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The plaintiff's petition for leave to proceed *in forma pauperis,* which was signed under penalty of perjury, indicates that the plaintiff owns absolutely no property and does not have savings of any kind. (Docket #2 at 3). The plaintiff's petition to waive the filing fee also indicates that Mr. Young's sole source of income is two hundred dollars he receives in the form of food stamps. *Id.* at 4. Given the current record, the court can conclude that the plaintiff has met the poverty requirements of 28 U.S.C. § 1915.

However, the court is also under a duty to screen all complaints under the federal *in forma pauperis* statute to ensure the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The court is obliged to give a plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim under the federal pleading standards, the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted the Federal Rules of Civil Procedure's requirements to mean that a plaintiff's complaint must only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010) ("[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together . . . the court will ask itself *could* these things have happened, not *did* they happen."). With this background in mind, the court begins by parsing Mr. Young's complaint.

The court had extreme difficulty attempting to even understand Mr. Young's complaint, as the plaintiff's handwriting is barely legible and the complaint is polluted with information that is conclusory, tangential, or wholly unrelated to his central claim. Nonetheless, as best the court can tell, Mr. Young alleges that his former employer deprived him of and retaliated against him "in violation of" his rights under the Family and Medical Leave Act ("FMLA"). (Compl. at 3). Specifically, the plaintiff states that "several retaliatory, negative, threatening and disciplinary adverse actions" occurred by the defendants against the plaintiff from December of 2007 until March of 2008, culminating in the termination of the plaintiff's employment on April 28, 2008. *Id.* Mr. Young alleges that the "adverse actions" the defendants took against him were because the plaintiff "opposed and complained to them about their discriminatory employment practices" through: (1) a letter he sent to a psychologist named "Dr. Nicholas Claditis"; and (2) "a written email" to the defendants "dated 11/6/07 titled 'Hostile Work Environment and Unfair Treatment by my Development Center Managers.'" *Id.* The plaintiff alleges that the defendants, in response to the

plaintiff's complaints, conducted a series of what Mr. Young describes as "retaliatory investigation and fraudulent workplace violence incident frame up allegation schemes." *Id.* Mr. Young notes that in early January of 2008 the defendant disciplined him with a three-day suspension. *Id.* In response to his suspension, Mr. Young told his employer that he was going to file charges in "state and/or federal court for violations of [his] constitutional and civil rights." *Id.* at 4. The plaintiff also notes that in the wake of his suspension, from January 14, 2008, until March 25, 2008, he was absent from work on "temporary sick and extended leave." *Id.* Mr. Young alleges that the defendants further "retaliated" against him by formally accusing the plaintiff of being absent from work without proper approval. *Id.* The plaintiff notes that the DCD "fired" Mr. Young on April 28, 2008, and, despite several appeals, the plaintiff was unable to regain employment with the agency. *Id.* Mr. Young states his FMLA rights were violated because the defendant failed to inform him about his "FMLA rights and obligations" "within five business days"[2] [sic] and because the defendants "interfere[d] with and restrained] . . . the exercise and enjoyment of [his] rights." *Id.* Finally, the plaintiff informs the court that he filed charges with federal and state administrative agencies, who were "all involved themselves in a conspiracy to help [his] employer cover up their willful violations of [his] FMLA rights." *Id.* at 4. Mr. Young notes that the government agencies

---

[2] Mr. Young does not explain within what period the five business days time period is relevant.

concluded on December 16, 2010, that his employer had not violated the plaintiff's rights. *Id.*

The court begins screening the plaintiff's complaint by noting that Mr. Young makes several passing references to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, and the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (Compl. at 3-4). It is wholly unclear whether the plaintiff is attempting to allege a violation of either of those statutes by the defendants. However, even if Mr. Young is alleging violations of the ADA and Title VII, under both statutes, a plaintiff must exhaust administrative remedies before bringing a claim in federal court and must file a complaint within a limited time frame following the pursuit of administrative remedies. *See* 42 U.S.C. §§ 12117(a); 2000e-5. To exhaust administrative remedies, a plaintiff must show the following: (1) the filing of a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory employment action, or within 300 days of the employment action if an equivalent state agency exists; and (2) a notification from the EEOC that it does not intend to sue – commonly referred to as a "right-to-sue" letter. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing 42 U.S.C. §§ 2000e-5(c), (e) and (f)(1)). The purpose of these conditions is to provide the EEOC and state agencies an opportunity to investigate and take enforcement action first, and to encourage a potential plaintiff and his or her employer to resolve their dispute outside of the courts. *Id.* In Wisconsin, a plaintiff has 300 days to file

a complaint either with the EEOC or the Equal Rights Division of the Wisconsin State Department of Workforce Development ("ERD"). *See Miller v. Am. Family Ins.*, 203 F.3d 997, 1002 n.3 (7th Cir. 2000); *Alvey v. Rayovac Corp.*, 922 F.Supp. 1315, 1326 (W.D.Wis. 1996) (noting that filings with the ERD are considered cross-filed with the EEOC). Here, the plaintiff hints at possible violations of the ADA and Title VII and discusses in passing his pursuit of administrative remedies, but he has failed to show that he received a right-to-sue letter from the EEOC, which would allow this court to determine wether he has filed his complaint in this court within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). However, despite the lack of information before the court, Mr. Young has pled that his administrative remedies concluded in December of last year, which allows the court to conclude that any attempts by the plaintiff to litigate with regard to an ADA or Title VII are woefully time-barred. 42 U.S.C. § 2000e-5(f)(1).

However, a claim under the FMLA, which appears to be the central claim Mr. Young is pursuing, does not require the exhaustion of administrative remedies. *See Fialho v. Girl Scouts of Milwaukee Area, Inc.*, No. 06-CV-1218, 2007 U.S. Dist. LEXIS 31780 at *4 (E.D. Wis. Apr. 30, 2007); *see generally* 29 U.S.C. § 2617(a)(2) ("An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees . . . "). Accordingly, the court turns it attention to the substantive claim, looking to whether

Mr. Young has properly pled a violation of the FMLA against the named defendants. In order to prevail under either an FMLA interference claim or an FMLA discrimination claim, Mr. Young will first need to plead that he was eligible for the FMLA's protections. *See Ames v. Home Depot U.S.A.*, Inc., 629 F.3d 665, 668-669 (7th Cir. 2011) (holding that a FMLA interference claim requires that the plaintiff be an "eligible employee" as defined by the act); *Goelzer v. Sheboygan County*, 604 F.3d 987, 995 (7th Cir. 2010) (noting that the "difference between a retaliation and interference theory is that the first 'requires proof of discriminatory or retaliatory intent while [an interference theory] requires only proof that the employer denied the employee his or her entitlements under the Act'") (internal citations omitted). The plaintiff's current complaint does not indicate that he is an eligible employee as defined under the FMLA. *See* 29 U.S.C. § 2611(2). As the plaintiff has failed to state a claim on which relief may be granted, the court is obliged to dismiss this case. 28 U.S.C. § 1915(e).

Nonetheless, this court's ruling does not necessarily foreclose plaintiff's ability to refile a complaint that properly pleads the conditions precedent necessary to pursue an FMLA claim, as discussed above. If Mr. Young still wishes to pursue his claim, he should refile an amended complaint that provides a "short and plain statement of the claim[s]" he wishes to pursue. Fed. R. Civ. P. 8(a)(2). The court notes that the plaintiff should attempt to write legibly and should only provide information that supports his specific FMLA claim. The plaintiff needs to avoid

providing unnecessary and extraneous information in future complaints, such as the endless list of dates that made his current complaint very difficult for this court to parse. Substantively, to cure the infirmities that are inflicting the current complaint, the plaintiff should note: (1) how long he was employed by his employer, 29 U.S.C. § 2611(2)(A)(I); (2) how many hours of service he had with his employer, 29 U.S.C. § 2611(2)(A)(ii); and (3) how many employees his employer employed, 29 U.S.C. § 2611(2)(B)(ii).

Accordingly,

**IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's complaint be and the same is hereby **DISMISSED without prejudice**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge